# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MELISSA MARIE JOHNSON**,

                Plaintiff,

v.                              **Case No. 15-cv-1291-pp**

**RACINE COUNTY JAIL and
RACINE COUNTY JAIL STAFF,**

                Defendants.

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), DENYING THE PLAINTIFF'S MOTIONS TO AMEND THE COMPLAINT (DKT. NOS. 7, 8), DENYING THE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 9), SCREENING THE PLAINTIFF'S COMPLAINT, AND DISMISSING THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

The plaintiff, a state prisoner representing herself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated her civil rights while she was incarcerated at the Racine County Jail. Dkt. No. 1. On November 30, 2015, she filed a motion to amend her complaint to include various John and Jane Does, Dkt. No. 7, and on December 21, 2015, she filed a request to add further defendants, Dkt. No. 8. On February 3, 2016, the plaintiff filed a motion asking the court to appoint counsel to represent her. Dkt. No. 9. The case is before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, Dkt. No. 2, on the plaintiff's motions to amend her complaint (Dkt. Nos. 7, 8), and on her motion for appointment of counsel, Dkt. No. 9, as well as for screening of the plaintiff's complaint.

1

## I.  MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when she filed her complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with her lawsuit without pre-paying the civil case-filing fee, as long as she meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from her prisoner account. Id.

On November 5, 2015, the court ordered the plaintiff to pay an initial partial filing fee of $7.01. Dkt. No. 5. The plaintiff paid that fee on November 17, 2015. The court grants the plaintiff's motion for leave to proceed *in forma pauperis*, and allows her to pay the balance of the $350.00 filing fee over time from her prisoner account, as described at the end of this order.

## II.  MOTIONS TO AMEND THE COMPLAINT

On November 30, 2015, the plaintiff filed a motion asking the court to allow her to add as defendants the Racine County Jail, Sheriff John Doe, Lt. John Doe, Jail Staff John and Jane Doe, Sgt. Jane Doe, and Bailiff Does. Dkt. No. 7. On December 21, 2015, the plaintiff filed another request, this time to add as defendants the Racine County Sheriff, jail administration and staff (she does not say which jail), Sheriff Schmaling, Sgt. Schulmen, Sgt. Moran, Lt.

2

Barker, Lt. Wearing, the Racine County Jail, Bailiff John Doe, Jane Doe, and Staff Correctional Officers John Doe and Jane Doe. Dkt. No. 8.

The court first notes that the plaintiff sued the Racine County Jail in her original complaint; her two requests to add that entity as a defendant were unnecessary.

Second, both of the plaintiff's requests to add defendants are one paragraph long. Neither request explains what the plaintiff alleges that the individuals she wishes to add did to her. As the court discusses below when screening the original complaint, the plaintiff makes general allegations that "the jail" or "they" allowed certain things to occur. But in order to bring a claim against an individual for a violation of civil rights, a plaintiff must make specific allegations explaining what that particular individual did. The plaintiff has not made any such specific allegations against any of the individuals she seeks to add as defendants.

Finally, as the court discusses below, the plaintiff's complaint—while explaining in detail her feelings and her mental suffering—has not stated a claim upon which the court can grant relief, and the court must dismiss the complaint. Accordingly, the plaintiff's request to add defendants to that complaint are moot.

## II. SCREENING OF THE PLAINTIFF'S COMPLAINT

### A. Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a

3

governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that,

because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. Facts Alleged in the Complaint

The plaintiff alleges that in April 2015, she was incarcerated at the Racine County Jail (the "Jail"). Dkt. No. 1 at 3. She states she learned that "A.C.,"[1] a man who committed a violent sexual assault against her, was also at the Jail. Id. The plaintiff alleges that she notified numerous officials that she was concerned for her safety and did not want to be in contact with A.C.. Id. She states that the relevant court and "classifications" both entered no-contact

---

[1] The plaintiff identifies A.C. as Angel Cartagena in a footnote.

5

orders, which were noted in the Jail computer. Id. She states that she was reassured that she would have no contact with A.C.. Id.

The plaintiff alleges that on June 5, 2015, A.C. was placed in an elevator with her. Id. She alleges that A.C. stared at her and laughed in her face; she put her head down and felt terrified. Id. She says that someone placed A.C. in the holding tank next to hers, from where A.C. continued to torment her with his laughing while she was crying. Id. The plaintiff states "they" removed A.C. from the tank, and informed her that A.C. had no reason to be in the elevator or the holding tank; he had not had court, and was there by accident. Id. The plaintiff filed many complaints and grievances. Id. Her anxiety increased. Eventually "they" informed the assistant district attorney; someone called the Jail officials and "reprimanded." Jail officials assured the plaintiff that she was safe and she would not have contact with A.C. again. Id.

On August 12, 2015, the plaintiff was scheduled to testify against A.C.. Id. The Jail was given strict, specific scheduling instructions to prevent contact between the plaintiff and A.C.. Id. Someone called from the plaintiff's unit to intake to notify them that she was on her way. Id. As she rounded the corner at the end of the hall, A.C. was seated right where she was to be placed. Id. The plaintiff said she had a panic attack and memory lapse. Id. She indicates that A.C. was unrestrained both time she saw him. Id. The plaintiff states that she filed more complaints and grievances. Id.

The plaintiff claims that she has had constant panic attacks since these incidents and has been treated for mental illness. Id. She says she suffers from

6

Case 2:15-cv-01291-PP   Filed 02/05/16   Page 6 of 12   Document 11

"severe mental health problems, severe p[sy]chological distress and damage and injury." Id. She also claims to have "stress injury and extreme anxiety, PTSD, night terrors and ha[s] become hyper-vigilant." Id.

The plaintiff argues that the Jail did not respect her rights as a victim, failed to protect her, created opportunities for A.C. to further assault her, and subjected her to mental anguish. She argues that the Jail was negligent and responsible for her mental trauma. Id. at 4.

The plaintiff is no longer incarcerated at the Jail; she currently is incarcerated at Taycheedah Correctional Institution. Id. According to the Wisconsin Department of Corrections Inmate Locator, A.C. currently is incarcerated at Dodge Correctional Institution.

C.  Legal Analysis of Alleged Facts

In the original complaint, the plaintiff sued—named as a defendant—only the Racine County Jail. The Jail is an organization, not an individual. Title 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the *individual* defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (emphasis added) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)).

Even if the plaintiff had brought her complaint against particular individuals, instead of an organization, the allegations she makes in the complaint do not state a claim of a violation of her constitutional rights. The plaintiff states in the original complaint that she's "not sure of all of [her] rights

7

they violated, U.S.C. 42, 28, 12, 7, 6 or others, but [she] know[s] what happened isn't right . . . ." Dkt. No. 1 at 4. Based on the facts she alleges, the court construes the plaintiff's complaint to allege that someone violated her right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

To state a claim under the Eighth Amendment, a plaintiff must allege "a state of mind more blameworthy than negligence." Farmer v. Brennan, 511 U.S. 825, 836 (1994). The Supreme Court has explained that, "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Id.

Based on this standard, the court must dismiss the plaintiff's claims against the Racine County Jail Staff, including the individuals the plaintiff wants to add as defendants. The plaintiff's allegations indicate that the defendants were "careless" and "negligent." Dkt. No. 1 at 4. She does not allege that they acted recklessly or with deliberate indifference. The plaintiff actually identifies many safeguards that the Jail put in place to prevent contact between the plaintiff and A.C., including notations in the Jail computer, "strict" scheduling instructions about the plaintiff's and A.C.'s movements within the Jail, and calls from her unit to advise other departments of the plaintiff's movements. In addition, the plaintiff describes the defendants' response to the first incident, which included reprimanding the officers who failed to prevent the contact. These facts don't show that the Jail (or the individuals) were acting

8

recklessly or being deliberately indifferent to her needs; rather, they show that the Jail was trying to protect the plaintiff. While the plaintiff alleges that she ended up being in the presence of A.C. (and subject to his laughing) on two occasions, she does not allege that the Jail caused this to happen on purpose, or did it because they were ignoring her needs. In her own words, the actions of the Jail personnel were "careless."

The court can only imagine how difficult it must have been for her to be in the same small elevator with her attacker, or to be in the holding cell next to him. The court has no doubt that being near her attacker, being laughed at by him, seeing him unrestrained so close to her, caused her the mental anguish and trauma she describes. But the mistakes that resulted in the plaintiff's being near A.C., as traumatic as they were, do not rise to the level of constitutional violations. Because the plaintiff has not alleged sufficient facts to support a claim that the Jail or the individuals violated the Eighth Amendment, the court must dismiss her complaint.

## IV. MOTION TO APPOINT COUNSEL

On February 3, 2016, the plaintiff asked the court to appoint counsel to represent her. Dkt. No. 9. She indicated that she had tried to find counsel on her own, sending out numerous letters, but that she'd been unsuccessful; the lawyers she'd contacted had told her her case would be too time-consuming, and would be unsuccessful. She indicated that she had limited resources due to being incarcerated, but she offered to show the court proof of her efforts to contact lawyers.

9

As the court has indicated above, the plaintiff's complaint does not state a claim upon which this court can grant relief. Because the court must dismiss the plaintiff's complaint for failure to state a claim, it will deny her request for the appointment of counsel as moot.

## V. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2). The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $342.99 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary of the Wisconsin Department of Corrections or his designee shall clearly identify the payments by the case name and number assigned to this action.

The court **DENIES** the plaintiff's motions to amend her complaint (Dkt. Nos. 7, 8).

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel (Dkt. No. 9).

The court also **ORDERS** that this case is **DISMISSED** for failure to state a claim.

The court **ORDERS** the clerk of court to enter judgment accordingly, and to document that this plaintiff has brought a case that was dismissed for

failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The court further **ORDERS** that the clerk of court shall document that this plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court will mail a copy of this order to the warden at the institution where the plaintiff is incarcerated.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 5th day of February, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge